IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
CIVIL ACTION NO: 7:12-CV-147

| | |
|---|---|
| CARL BRONITSKY, M.D. ) | |
| ) | |
| Plaintiff, ) | |
| ) | ORDER SEALING |
| v. ) | PLAINTIFF'S MEMORANDUM OF LAW |
| ) | IN OPPOSITION TO DEFENDANTS' |
| BLADEN HEALTHCARE, LLC and ) | MOTION FOR SUMMARY JUDGMENT |
| CHARLES CAMERON HIGHSMITH, ) | |
| JR., ) | |
| ) | |
| Defendants. ) | |

This matter comes before the Court on Plaintiff's Motion to Seal. Specifically, Plaintiff seeks to seal certain documents that contain references to patients' medical information.

As a general rule, the public has a right to inspect documents filed with the Court. *In re Knight Publishing Co.*, 743 F.2d 231, 235 (4th Cir. 1984). This right, however, is not absolute. *Id.* Instead, the Court "has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *Id.* In determining whether to exercise its power to seal, the Court should consider (1) "whether the records [would be used] for improper purposes, such as promoting public scandals," (2) "whether release [of the documents] would enhance the public's understanding of an important historical event," and (3) "whether the public already ha[s] access to the information contained in the [documents]." *Id.* In addition, the

1

Court must consider whether alternative means of protecting the information exist that are less restrictive than sealing the document. *Id.* One such alternative means of protection is redaction. *May v. Medtronic*, 05-794, 2006 WL 1328765, at *1 (D.S.C. May 15, 2006). If, however, redacting a document renders it meaningless, redaction is not a proper alternative to sealing. *Id.*

Before exercising its power to seal, the district court must "provide public notice of the request to seal and allow interested parties a reasonable opportunity to object." *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir.2000) (internal quotation marks omitted). This requirement is satisfied through electronic docketing of the motion to seal. *May*, 2006 WL 1328765 at *1. If the Court concludes that sealing is proper, it must "provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Ashcraft*, 218 F.3d at 302.

Here, the documents discuss specific incidents that occurred when Plaintiff was treating specific patients at Bladen Healthcare. These descriptions may contain enough detail for someone to identify the patients. There is no way to meaningfully redact the documents, as the descriptions of the incidents are relevant to Plaintiff's Memorandum in Opposition to Defendants' Motion for Summary Judgment.

Courts recognize that patients have an important interest in the privacy of their medical records and information, and that this interest outweighs any public interest in disclosure because medical information is not generally available to the public and bears no relationship to any important public matters. *See Fulmore v. United Parcel Serv., Inc.*,

2

Nos. 7:11–CV–18–F, 7:11–CV–91–F, 2012 WL 6016731, at *1-2 (E.D.N.C. Dec. 3, 2012) (sealing a party's confidential medical information). This is particularly true when, as here, the documents include the medical information on non-parties. *See, e.g., EEOC v. New Hanover Reg. Med. Ctr.*, No. 7:09–CV–85–D, 2012 WL 4321626, at *3-4 (E.D.N.C. Sep. 20, 2012) (sealing medical and personal information of non-parties). Accordingly, to avoid the public disclosure of the private medical information of non-parties, the Court concludes that the documents at issue should be sealed. *Id.*

WHEREFORE, the Court hereby orders that Plaintiff's Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment is GRANTED and the documents referenced therein are hereby SEALED.

Terrence Boyle
United States Magistrate Judge

3