IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO. 7:12-CV-147-BO

| | |
|---|---|
| CARL BRONITSKY, M.D., | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| BLADEN HEALTHCARE, LLC d/b/a CAPE FEAR VALLEY, BLADEN HEALTHCARE, LLC and CAMERON HIGHSMITH | ) ) ) ) ) |
| Defendants. | ) ) |

**ORDER**

This matter is before the Court on defendants' motion for summary judgment on all claims and counterclaims at issue in this case [DE 57]. The motion is now ripe for adjudication. For the reasons stated herein, the defendants' motion for summary judgment is GRANTED.

## BACKGROUND

Defendant Bladen operates Bladen County Hospital and a group of ancillary healthcare practices, all based in Bladen County North Carolina. One of those ancillary practices is Women's Health specialists, a physicians' practice that focuses on OB/GYN services. Bladen hired plaintiff in November of 2010. Plaintiff, an OB/GYN physician stopped working for defendant in June of 2011. Plaintiff alleges he was terminated from employment because of his age and gender in violation of the Age Discrimination in Employment Act ("ADEA") and Title VII of the Civil Rights Act of 1964 ("Title VII"). Plaintiff also claims defendant breached his employment contract and improperly failed to pay his accrued, but unused, vacation time. He also claims that defendant and its former CEO, defendant Highsmith, defamed him. Defendant

has counter claimed for a $10,000 sign-on bonus that it alleges must be repaid because plaintiff left his employment within 12 months.

Several weeks after plaintiff's departure from defendants' employment, he filed an EEOC charge alleging age and gender discrimination and received his notice of right to sue. Plaintiff brought this lawsuit alleging age discrimination, gender discrimination, breach of contract, defamation, and failure to pay wages under North Carolina law on May 30, 2012. On August 20, 2012 defendants counterclaimed for repayment of the $10,000 sign-on bonus. On June 28, 2013 defendants filed this motion for summary judgment.

## DISCUSSION

A motion for summary judgment cannot be granted unless there are no genuine issues of material fact for trial. FED. R. CIV. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The moving party must demonstrate the lack of genuine issue of fact for trial and if that burden is met, the party opposing the motion must "go beyond the pleadings" and come forward with evidence of a genuine factual dispute. *Celotex*, 477 U.S. at 324. The Court must view the facts and the inferences drawn from the facts in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986). Conclusory allegations are insufficient to defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) ("[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment.") (emphasis in original).

I.     PLAINTIFF'S AGE DISCRIMINATION CLAIM.

Plaintiff conceded in his response that he could not proceed on a "mixed motive" theory under *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 175 (2009). Plaintiff's failure to oppose

2

defendants' arguments made in support of their motion for summary judgment is fatal to plaintiff's claim. *Mentch v. E. Sav. Bank, FSB*, 949 F. Supp. 1236, 1247 (D. Md. 1997) (holding that plaintiff abandons discrimination claim by failing to address defendant's summary judgment arguments in response brief). Accordingly, defendants' motion for summary judgment is granted as to plaintiff's age discrimination claim.

II. PLAINTIFF'S DEFAMATION CLAIM.

Defendants argue that the two communications cited by plaintiff, comments made to Dr. Block by defendant Highsmith about plaintiff, and the letter from defendants' counsel to plaintiff's counsel, cannot serve as the basis for a defamation claim. This Court agrees. Plaintiff has presented no admissible evidence of the statements made by Highsmith to Dr. Block. Instead he attempts to rely on inadmissible hearsay. Plaintiff only cites his own testimony that Dr. Block told him that Highsmith told Dr. Block certain things about plaintiff. This is plainly inadmissible hearsay. "[H]earsay evidence, which is inadmissible at trial, cannot be considered on a motion for summary judgment." *Md. Highways Contractors Ass'n., Inc. v. Maryland*, 933 F.2d 1246, 1251 (4th Cir. 1991). Regarding the letter, settlement communications from defendants' counsel to plaintiff's counsel are subject to an absolute privilege under North Carolina law. *Burton v. NCNB Nat'l. Bank of N.C.*, 355 S.E.2d 800, 802–03 (N.C. Ct. App. 1987). Accordingly, it is inadmissible. Furthermore, plaintiff abandoned his defamation claim regarding the letter by not responding to defendants' arguments. Therefore defendants' motion for summary judgment is granted as to plaintiff's defamation claims.

III. PLAINTIFF'S CLAIM UNDER THE NORTH CAROLINA WAGE AND HOUR ACT.

Plaintiff contends both that his unused paid time off was improperly forfeited and that failing to pay him after his separation from defendant was a violation of the North Carolina

3

Wage and Hour Act. N.C. Gen. Stat. §95-25. Bladen has produced its paid time off policy which expressly provided that unused paid time off would be forfeited if an employee left for any reason before the end of one year. Such policies are permissible. N.C. Gen. Stat. § 95-25.12. Plaintiff also admits that he performed no work for defendant after June 10, 2011. He therefore earned no wages after that date which would give rise to a Wage and Hour Act claim. Accordingly, defendants' motion for summary judgment is granted as to plaintiff's Wage and Hour Act claims.

IV. PLAINTIFF'S GENDER DISCRIMINATION CLAIM.

Defendant did not involuntarily terminate plaintiff therefore no gender discrimination claim can succeed. Plaintiff fails to cite evidence that would create a genuine issue of material fact as to whether or not he was involuntarily terminated either by actual or constructive means. Defendant has offered numerous facts in support of its claim that plaintiff voluntarily stopped working for defendant.

Plaintiff attempts to cite six separate documents that he claims support his position that he was involuntarily terminated. They do nothing of the kind. A jury could not reasonably find that the plaintiff has proved his case based on the evidence at hand. *Anderson*, 477 U.S. at 254. Plaintiff points to various administrative documents that use the word or data entry code for "terminated." However, these documents only speak to the status of plaintiff's employment with defendant and do not speak to the characterization of the ending of his employment. Whether the plaintiff quit or was fired, his employment status with defendant is "terminated." An administrative document that refers to his employment status as terminated does not increase or decrease the probability that he was involuntarily terminated. Plaintiff has not pointed to any evidence that supports his claim of involuntary termination.

4

Plaintiff also attempts to argue that he was constructively terminated. Once again, he cannot point to any evidence that warrants this conclusion. "A constructive discharge occurs if an employer deliberately makes the working conditions intolerable in an effort to induce the employee to quit." *Long v. Dunlop Sports Group Ams.*, 506 F.3d 299, 304 (4th Cir. 2007). "Whether an employment is intolerable is determined from the objective perspective of a reasonable person." *Heiko v. Colombo Sav. Bank, F.S.B.*, 434 F.3d 249, 262 (4th Cir. 2006). "[M]ere dissatisfaction with work assignments, a feeling of being unfairly criticized, or difficult or unpleasant working conditions are not so intolerable as to compel a reasonable person to resign." *James v. Booz-Allen & Hamilton, Inc.*, 368 F.3d 371, 378 (4th Cir. 2004).

Plaintiff has only cited the two pieces of evidence addressed in his defamation claim, *see infra* Part II, to support his claim that there was a campaign to harass and intimidate him. The statement to Dr. Block is inadmissible. The settlement letter at best shows that plaintiff's performance was criticized. However, criticism alone will not lead to a finding of constructive termination.

Because plaintiff has not raised an issue of material fact as to his being involuntarily terminated, any gender discrimination claim must fail. Accordingly defendants' motion for summary judgment is granted as to plaintiff's gender discrimination claims. Even had he been able to raise an issue of material fact as to the termination issue, he has not pointed to any evidence of direct discrimination on the part of the defendants. Furthermore, he cannot pursue an indirect discrimination claim because he forfeited the argument by not responding to defendants' summary judgment motion arguments on the matter. Finally, plaintiff also failed to rebut defendants proper assertion that in light of patients' legitimate interest in bodily privacy, it is permissible for a health care institution to purposefully offer patients the option of seeing a

5

female OB/GYM. Such a preference is legitimate under the bona fide occupational qualification exception to Title VII.

V. CROSS CLAIMS FOR BREACH OF CONTRACT.

Because plaintiff was not able to raise an issue of material fact as to his involuntary termination, *see infra* Part IV, defendant could not have breached their employment agreement with plaintiff. Because defendant did not breach the agreement, there was no six-month notice requirement, and plaintiff cannot dispute that he failed to work for defendant for a full year. Plaintiff is therefore required to repay his $10,000 signing bonus and defendants' motion for summary judgment is granted as to the breach of contract claims.

## **CONCLUSION**

For the foregoing reasons, the defendants' motion for summary judgment is GRANTED. Plaintiff is ORDERED to pay defendant $10,000 and all pre-judgment interest recoverable by law. The clerk is directed to enter judgment accordingly and to close the file.

SO ORDERED.

This the 20 day of September, 2013.

Terrence W. Boyle
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE